# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: **24-3739**          Case Manager: **Jill E. Colyer**

Case Name: **In re: Nat'l Prescription Opiate Litig.**

Is this case a cross appeal? ☐ Yes  ☑ No
Has this case or a related one been before this court previously? ☑ Yes ☐ No
If yes, state:
   Case Name: **In re Nat'l Prescription Opiate**  Citation: **976 F.3d 664**
   Was that case mediated through the court's program? ☐ Yes ☑ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

**See attached PDF**

This is to certify that a copy of this statement was served on opposing counsel of record this **4th** day of **September**, **2024**.

**Daniel Woofter**
Name of Counsel for Appellant

## *Parties Against Whom this Appeal is Being Taken*

**Plaintiffs**

- Plaintiffs Executive Committee, on behalf of all Settling States and Participating Subdivisions.

**Defendants**

- McKesson Corporation;
- Cardinal Health, Inc.;
- AmerisourceBergen Corporation (n/k/a Cencora, Inc.);
- Johnson & Johnson;
- Janssen Pharmaceuticals, Inc.;
- Ortho-McNeil-Jannsen Pharmaceuticals, Inc.;
- Janssen Pharmaceutica, Inc.;
- Teva Pharmaceuticals Ltd. and all of its respective past and present direct or indirect parents, subsidiaries, divisions, affiliates, joint ventures, predecessors, successors, assigns, including but not limited to Teva Pharmaceuticals USA, Inc., the Actavis Generic Entities, and Anda Inc.;

- Allergan Finance, LLC (f/k/a Actavis, Inc., which, in turn, was f/k/a/ Watson Pharmaceuticals, Inc.) and Allergan Limited (f/k/a Allergan plc, which, in turn, was f/k/a Actavis plc);

- CVS Health Corporation and CVS Pharmacy, Inc. and all of their past and present direct and indirect parents and subsidiaries;

- Walgreen Co.;

- Walmart Inc.;

- The Kroger Co.

**Fee Panel**

- David R. Cohen

- Randi S. Ellis

- Hon. David R. Herndon (ret.)

***<u>Please Identify the Specific Issue(s) You Propose to Raise:</u>***

Appellants Goldstein & Russell, P.C., and Kelley & Ferraro LLP take this appeal from the district court's approval of an order by the "Fee Panel" created by class settlements approved in the above-captioned matter.

Appellants represented six Ohio cities that objected to the "negotiation class" previously certified by the district court ("City Objectors"). The Sixth Circuit granted the City Objectors' petition for immediate review under Fed. R. Civ. P. 23(f) over the objection of class counsel and most defendants. On appeal, the City Objectors argued that the negotiation class was unauthorized by the rules and seriously disadvantaged the class by depriving class counsel of the negotiating leverage of a litigation class and stripping class members of the protections afforded to a settlement class, including the right to know the settlement's terms before having to decide whether to opt out. The Sixth Circuit reversed, embracing the City Objectors' arguments that the negotiation class was "wholly untethered from Rule 23" and undermined class members' rights by, among other things, forcing them to "choose

whether to opt-out before knowing the settlement amount." *In re: National Prescription Opiate Litig.*, 976 F.3d 664, 673, 677 (6th Cir. 2020).

On remand, the Plaintiffs and Defendants listed above renegotiated class settlements that the district court approved. The "Fee Panel" created by those settlements was tasked with determining the amount of "common benefit fund" attorneys' fee awards for the lawyers who contributed to result benefiting the class—including Appellants. Appellants sought 0.08% of the common fund, representing approximately 3.5 times their lodestar. Over Appellants' objection and after oral argument, the Fee Panel denied counsel for the Six Cities any award, with no explanation. The district court affirmed, also with no explanation.

Appellants will raise the following specific issues on appeal:

(1) Objections to the Fee Panel order approved by the district court;

(2) Objections to the fee award procedures approved by the district court.